

# IN THE
# TENTH COURT OF APPEALS

## No. 10-19-00077-CV

**MICHAEL DEAN PERRY,**

                                                            **Appellant**

 **v.**

**WARDEN ROBERT STEVENS,**

                                                            **Appellee**

**From the 440th District Court**
**Coryell County, Texas**
**Trial Court No. 18-47569**

## MEMORANDUM OPINION

On March 27, 2019, a document entitled "Motion for Suspension of the Rules" was received from Perry and filed. As part of the document Perry included an "Unsworn Declaration" declaring "under penalty of perjury that the above and foregoing is true and correct." Based upon the sworn content in this document, we will dismiss this appeal because we have no jurisdiction of it.

In relevant part, the document was responding to a demand for a filing fee or that

Perry establish his right to proceed without the payment of court cost, including the appellate court filing fee. In explaining why he believed he should not be required to pay the appellate court cost, Perry made the following statement: "…the amount of property in contest is at or about $95.00 plus costs of litigation. Therefore, it would be an absurd result to pay a filing fee that far exceeds the amount of recoverable property, two fold!" This Court's jurisdiction is limited to appeals in which the amount in controversy exceeds $250. This amount excludes interest and court cost. Specifically, section 22.220 of the Government Code provides:

> Each court of appeals has appellate jurisdiction of all civil cases within its district of which the district courts or county courts have jurisdiction when the amount in controversy or the judgment rendered exceeds $250, exclusive of interest and costs.

TEX. GOV'T CODE ANN. § 22.220(a).

We do not reach the many other procedural issues that are presented in this appeal, including the fact that it started out in a municipal court, or the numerous rules that we have noted with which Perry has failed to comply. In a letter dated May 7, 2019, we specifically noted, "There are a number of pending issues in this proceeding. For the moment, the Court addresses only the Court's jurisdiction." The letter went on to explain that the Court would dismiss the appeal unless "appellant or any party files a response that explains how this Court has jurisdiction of this appeal, specifically how the amount in controversy is within the minimum jurisdictional limits of the Court."

On May 20, 2019, the Court received and filed a document entitled "Objection to

the Court's Per Curiam Order." Although appellant, Perry, titled the document as if responding only to an order, he notes in this response that the "gravamen of this writ concerns Perry's objection to this court's order and the most recent letter from the court's clerk. And as a matter of judicial economy, Perry combines these two issues in this objection because they involve the same grounds, the erroneous denial of his property/tort claim and violations of his substantial due process rights!" Perry proceeds to take issue with the form and content of the letter. As part of the argument in support of this Court having jurisdiction, he references his expenditure of resources in filing numerous pleadings and discusses some of those filings and other proceedings. Perry ultimately relies on his notice of appeal from the district court's order dismissing his case as invoking this Court's jurisdiction.

But nowhere in the response does Perry address how the minimum jurisdictional limits of this Court are met. In other words, there is simply nothing in the response which supports a conclusion that, if Perry obtained a full recovery for everything he requested, his damage award would exceed $250, exclusive of interest and cost.

Perry's prayer at the end of his response includes the request that this "appellate court review and/or adjudicate his tort claim on the merits and issue an order compelling TDCJ to replace his property 'sua sponte,' and court costs and costs of litigation, and such other, and further relief to which he may be justly entitled, at law and in equity, or just cause be shown." Fundamentally, Perry's claim, as he has sworn to under the penalty of

perjury, is for property valued "at or about $95.00." This amount does not meet the

Legislature's minimum limit of $250.00 for this Court to have jurisdiction of this appeal.

Accordingly, this appeal is dismissed.

TOM GRAY
Chief Justice

Before Chief Justice Gray,
      Justice Davis, and
      Justice Neill
Appeal dismissed
Opinion delivered and filed June 5, 2019
[CV06]

